1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **SAMMY L. MORRIS** | ) | **1:07-cv-00542-LJO WMW HC** |
| | ) | |
| **Petitioner,** | ) | **ORDER DENYING PETITION** |
| | ) | **FOR WRIT OF MANDATE** |
| **vs**. | ) | |
| | ) | |
| | ) | |
| **W. J. SULLIVAN, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a state prisoner proceeding pro se on a petition for writ of mandate.  In his petition, Petitioner seeks relief in the form of an order from this court reversing his judgment and sentence.

The federal mandamus statute provides: "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361. A writ of mandamus is an extraordinary writ, and is issued only when (1) the plaintiff's claim is "clear and certain;" (2) the defendant official's duty to act is ministerial

and "so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available.  Barron v. Reich, 13 F.3d 1370, 1374 (9th Cir. 1994) (citations omitted).

Mandamus relief is only available to compel an officer of the United States to perform a duty; federal courts are without the power to issue mandamus to direct state courts or their judicial officers in the performance of their duties.  A petition for mandamus to compel a state court to take or refrain from some action is frivolous as a matter of law. Demos v. U.S. District Court, 925 F.2d 1160, 1161-72 (9th Cir.) (Imposing no filing in forma pauperis order), *cert. denied*, 111 S.Ct. 1082 (1991); Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966) (attorney contested disbarment and sought reinstatement); Dunlap v. Corbin, 532 F.Supp. 183, 187 (D. Ariz. 1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir. 1982).

In this case, Petitioner asks the court to reverse a judgment and sentence of a state court.  This relief does not lie within the mandamus authority of this court.  Accordingly, the petition for writ of mandamus is HEREBY DENIED.  The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

**Dated:    May 31, 2007            /s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

2